Per Curiam.

— Dalander, plaintiff below, brought this action in the county court of "Washington county *171 to quiet title to the following described land, to wit: the northwest quarter (N. W. %) of section twenty-four (24), township two (2) north range fifty-one (51) west of the Sixth Principal Meridian in said Washington county. From an adverse judgment he appealed to the district court of said county,, where again judgment went in favor of defendant, appellee here. On the trial in the district court plaintiff offered a tax deed issued to Frederick Davis and Charles T. Kountz, to the land in question. To the introduction of said tax deed, defendant objected, on the ground that it showed on its face that the land in question had been bid in at a tax sale by the county treasurer for the county, and a certificate of purchase assigned to Davis and Kountz more than three years after the date of the sale of the land for taxes, contrary to the provisions of' section 3888, M. A. S. This objection being sustained by the court, no further evidence of any sort whatsoever was offered by plaintiff, so far as the abstract prepared on his behalf discloses. The date of the certificate of purchase does not appear on the face of the tax deed, or otherwise in the record, but the date of the assignment of the certificate to Davis and Kountz was January 2, 1901 — more than three years after the date of the tax sale. Appellant contends that since the deed offered in evidence did not disclose the date of the issuance of the certificate to the county, the deed was not void on its face, and should have been admitted. In other words, his contention is that the date of the certificate, and not the date of the tax sale, should govern, or, that the three year statute begins running from the date of the certificate, rather than from *172 the date of the tax sale; that since the statute does not specifically command the treasurer to issue the certificate of purchase at the time of the sale, the treasurer may issue it thereafter, and at his convenience. This, we say, is appellant’s contention. The supreme court, at the April term, in the case of The Empire Ranch and Cattle Company v. Caldron, 117 Pacific, 1005, decided the question here argued adversely to the contention of appellant. In that case Mr. Justice Bailey, who wrote the opinion, uses this language:
“It is the duty of the treasurer to make the certificate at the conclusion of the sale, and in the absence of a showing to the contrary, it .will be presumed that that officer did his duty. The clerk has no authority to assign the certificate after the lapse of three years, and the assignment was void. An assignment was essential to the issuance of deed. A deed executed upon a void assignment is itself void, and conveys no title. The deed is, therefore, upon its face, a nullity.”
We assume that Mr. Justice Bailey, in the use of the words in the quotation above, “at the conclusion of the sale,” probably meant at the conclusion of the entire tax sale, and as speedily as possible thereafter. But, no matter when the treasurer shall issue the certificate to the county, it should and must be dated as of the date of the sale. Any other construction of the statute would permit the treasurer to nullify at will the act. See also The Treasury T. M. & R. Co. v. Gregory, 48 Colo. 416.
The contention of appellant with reference to the five year statute of limitations is the same in this case as in the case of Little v. Wilson, No. 3379, *173 decided at this term, and we hold, on the authorities cited in said opinion, that a tax deed, void upon its face, as was the tax deed offered in this ■ case, does not set the five year statute of limitations in motion.
No other error being complained of, and none appearing, the judgment of the trial court is sustained.

Judgment affirmed.

Walling, Judge, not participating.